## J. P. WALWORTH v. R. C. BALLARD.

Under the 12th Section of the Act of the Legislature of 18th March, 1820, reënacted in 1855, a prosecution criminally and a conviction is a prerequisite to the civil liability of a party sought to be made liable for the debts of a vacant estate on the ground of having taken possession of it without authority, with the intent of converting the same to his own use.

APPEAL from the District Court of the parish of Madison, *Farrar*, J.

A. T. *Steele*, for plaintiff and appellant. *Stacy & Sparrow*, for defendant.

MERRICK, C. J.    The plaintiff being a creditor of *Silas Lillard*, deceased, for $13,888 13 with interest from February, 1848, has brought the present action against the defendant to make him responsible for the debt.

He bases his right of recovery upon the Act of 18th March, 1820. The 12th Section of which was reënacted in 1855, and is in these words, viz :

"That in case any person shall take possession of a vacant estate or part thereof, without being duly authorized to that effect, with the intent of converting the same to his own use, he shall be prosecuted by information, and on conviction thereof shall be fined, not exceeding two thousand dollars, to the benefit of the State, and shall be, moreover, liable to pay all the debts of the said estate, exclusive of the damage to be claimed by the person who may have suffered thereby." Acts, 1855, 400, sec. 9 ; Bullard & Curry's Dig., 810, § 2.

The defendant having excepted to the plaintiff's action, the question is presented whether the prosecution by information and a conviction is not a prerequisite to the civil liability of the party to pay the debts of the vacant estate ?

We are not aware of anything in our law analogous to the executor *de son tort* of the common law.    Hence the authorities from that source can furnish but little assistance on the present question.

Prior to the passage of the Act of 1820, the liability of the person converting the effects of a vacant succession to his own use, was merely in an action in damages to the succession for the amount of the injury sustained.

Perhaps also where all of the goods of the succession were made way with, the creditors might recover to the extent of the injury done him in a demand similar to the revocatory action.

To these remedies, which result from the general provisions of law, the Act of 1820 has, in the case of the taking possession of all or *any part of the effects* belonging to a vacant estate with the intent to convert them to the use of the taker, added, on conviction, 1st, a fine not to exceed two thousand dollars ; 2d, a liability to pay all the debts of the estate.

Inasmuch as this liability " to pay the debts of the estate is *exclusive of the damages* to be claimed by the parties who may have suffered thereby," it is seen that the trespasser is responsible to the vacant succession for all the effects he may have taken, in addition to the two penalties denounced against him by the statute.

As the Act is so highly penal, we think that it was the intention of the Legislature to make both penalties depend upon a conviction under a public prosecution.    That is, we think, the more natural interpretation of the language used according to its order.

WALWORTH
*v.*
BALLARD.

Moreover, it is hardly to be supposed that the Legislature intended to invest the private citizen with the power, upon the proof of the conversion of an article or two of small value to the use of another, to charge that other with all the debts with which a succession may be burdened, however large they might be.

The administration of criminal justice is much safer in the hands of public officers charged with the prosecution of crimes and offences, than in the hands of private persons governed by such preponderating interests.

The construction we put upon the statute in question is the same as that intimated in the case of *McMasters* v. *Place*, 8 An. 431, although the point now made does not appear to have been directly decided in that case.

The plaintiff in his petition having failed to allege that the defendant had been convicted of taking possession of the vacant estate or a part thereof, without being duly authorized to that effect, with the intent of converting the same to his own use, the exception is well taken, and the judgment of the lower court must be affirmed.

Judgment affirmed.